**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57, and RICHARD HOULIHAN, in his official capacity as President and Business Manager of Local 57 and The BOARDS OF TRUSTEES of INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 ANNUITY FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 LEGAL SERVICE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 57 HEALTH & WELFARE FUND, LOCAL 57 APPRENTICESHIP & SKILL IMPROVEMENT FUND, LOCAL 57 UNIFIED TRUST FUND, THE RHODE ISLAND HEAVY & HIGHWAY CONSTRUCTION INDUSTY ADVANCEMENT FUND,

*Plaintiffs*,

v.

CONTINENTAL CONSTRUCTION, CO., INC.

*Defendant*.

CA 07 001S

C.A. No.

**COMPLAINT**

**Introduction**

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, and on Sections 515 and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1145 and 1132(A)(3). Plaintiffs bring this civil action against Continental Construction, Co., Inc. ("Continental") for its failure to comply with its statutory and contractual obligations to a union

and various employee benefit funds arising by virtue of Defendant's collective bargaining agreement with the International Union of Operating Engineers Local 57 ("Local 57").

**Parties and Jurisdiction**

2. The International Union of Operating Engineers Local 57 ("Pension Fund"), the International Union of Operating Engineers Local 57Annuity Fund ("Annuity Fund"), the International Union of Operating Engineers Local 57 Legal Service Fund ("Legal Fund"), the Rhode Island Carpenters Health Fund ("Health Fund"), the International Union of Operating Engineers Local 57 Apprenticeship and Skill Improvement Fund ("Apprenticeship Fund"), and the International Union of Operating Engineers Local 57 Unified Trust Fund ("Unified Trust Fund") and are jointly administered multi-employer benefit and/or pension plans within the meaning of ERISA, 29 U.S.C. §§ 1002(1) (2) and (37). Said plans are established and maintained pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and in accordance with various Agreements and Declarations of Trust ("Trust Agreements").

3. The Rhode Island Heavy & Highway Construction Industry Advancement Fund ("Advancement Fund") is an employee labor-management trust fund administered by the Construction Industries of Rhode Island and established pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5) and in accordance with Agreement and Declaration of Trust.

4. Plaintiffs Boards of Trustees are the trustees of the Funds and are fiduciaries of the aforementioned Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132.

5. Local 57 is a labor union within the meaning of ERISA, 29 U.S.C. § 1002(4) and the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. Local 57 maintains its office at 141 Gano Street, Providence, Rhode Island.

6. Richard Houlihan is the President and Business Manager of Local 57.

7. Defendant Continental is a corporation organized under the laws of the State of Massachusetts, having its principal place of business in Hyannis, Massachusetts. Defendant has the requisite minimum contacts with the State of Rhode Island.

8. Defendant is an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

9. This Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 1331 and 1367, Section 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), and by Section 301 of the LMRA, 29 U.S.C. § 185 (a).

10. Venue properly lies in this district under Section 502(e)(2) and (f) of ERISA, 29 U.S.C. § 1132(e)(2) and (f), and by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**Facts**

11. The Funds were established to provide various types of benefits, including retirement, medical, and employment training, to Local 57 members. The Funds are administered by Boards of Trustees.

12. Benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Local 57 and each employer.

13. The rights and obligations of the Plaintiff Funds and Defendant are set forth in various Agreements and Declarations of Trust ("Trust Agreements").

14. The Trust Agreements provide, in relevant part, that Defendant shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

15. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of a collectively bargaining agreement to make such contributions in accordance with the terms and conditions of such plan and such agreement.

16. Defendant Continental is party to a collective bargaining agreement which provides, in relevant part, that it shall comply with the terms of the Trust Agreements as aforesaid.

17. The collective bargaining agreement, as aforementioned, also requires Defendant to deduct monies from members' paychecks and remit those amounts to Local 57.

18. Notwithstanding the aforesaid obligations, Defendant has:

(a) Failed to make contributions to the Funds for the period of March 2006 through the present for hours worked by Michael Fontaine;

(b) Failed to remit dues to Local 57 for the period March 2006 through the present; and

(c) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

**FIRST CAUSE OF ACTION**

**(Violation of ERISA, 29 U.S.C. § 1132(a)(3) & §1145)**

19. Plaintiffs hereby incorporate Paragraphs 1 through 18 as though fully set forth herein.

20. Defendant has failed to make contributions to the Plaintiff Funds for the period of March 2006 through the present, and otherwise failed to comply with the terms and conditions of the collective bargaining agreement and the respective Trust Agreements covering each Fund.

21. By the aforesaid acts and omissions, Defendant has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

22. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(Violation of the Labor Management Relations Act, 29 U.S.C. § 185)**

23. Plaintiffs hereby incorporate Paragraphs 1 though 22 as though set forth herein.

24. Defendant has failed to remit to Local 57 the dues that were deducted from Michael Fontaine's paycheck during the period March 2006 to the present, in violation of the terms of the collective bargaining agreement.

25. By the aforesaid acts and omissions, Defendant has violated the LMRA, 29 U.S.C. § 185.

26. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

WHEREFORE, Plaintiffs pray that this Court grant relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Violation of R.I.G.L. § 28-14-7 )**

27. Plaintiffs hereby incorporate Paragraphs 1 though 26 as though set forth herein.

28. Defendant has failed to remit the dues that were deducted from Michael Fontaine's paychecks during the period March 2006 to the present to Local 57, in violation of the terms of the collective bargaining agreement.

29. By the aforesaid acts and omissions, Defendant has violated the Rhode Island Payment of Wages statute, R.I.G.L. §§ 28-14-3 & 28-14-3.1.

30. As a result of Defendant's unlawful actions, Plaintiffs have suffered and will continue to suffer severe and substantial pecuniary damages and compensatory damages.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Honorable Court grant the following relief:

(a) Award Plaintiff Funds the unpaid contributions, interest on the unpaid contributions, liquidated damages, punitive damages and attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

(b) Order Defendant to remit members' dues to Plaintiffs, and award Plaintiffs interest, penalties, attorneys' fees and costs, pursuant to R.I.G.L. § 28-14-3.1; and

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,

On behalf of Plaintiffs,
By their attorney,

Elizabeth Wiens, Esq. (#6827)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702